HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER M. TAYLOR,

    Plaintiff,

    v.

MICROSOFT,

    Defendant.

CASE NO. C18-0899 RAJ

ORDER

This matter comes before the Court on Defendant Microsoft's Motion to Dismiss. Dkt. # 11. Plaintiff Christopher M. Taylor did not file a response to Defendant's Motion. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    BACKGROUND**

On June 15, 2018, Plaintiff filed this action against Defendant, alleging that he was "stalked, harassed, verbally torture, tortured [cruel] and inhuman by [Defendant's] employees on and off Microsoft campus and at Microsoft "transinedcenters in MRSA island" and inside Microsoft buildings. Dkt. # 1. Plaintiff then filed a Motion for Audio Evidence (Dkt. # 5) and a Motion to Call Witness Against Microsoft (Dkt. # 6). On September 21, 2018, Defendant filed this Motion to Dismiss Plaintiff's Complaint

ORDER – 1

pursuant to Federal Rules of Civil Procedure 8, 12(b)(5), and 12(b)(6). Dkt. # 11. Plaintiff did not file a response to Defendant's Motion, instead filing an 18 page document that the Court has construed as an Amended Complaint. Dkt. # 14. Plaintiff did not otherwise respond to Defendant's Motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a) states that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. To comply with Rule 8, Plaintiff must plead a short and plain statement of the elements of their claims, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case. *Id*. Accordingly, Plaintiff must set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996). Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

Plaintiff alleges that he travelled to Microsoft's campus in December of 2013 to show Bill Gates, Microsoft's founder, a software program he had created. Dkt. # 8 at 1. At that time, Plaintiff believed he was under investigation and that he was under audio and video surveillance 24 hours a day. *Id*. Plaintiff also alleges that Defendant had an

ORDER – 2

investment scheme involving government agencies to "set-up law enforcement" that involved Plaintiff's software program, a money pool for a "murder for hire," and a one million dollar life insurance policy. Plaintiff also claims that Defendant was aided by prison staff. *Id*. Plaintiff requests 60 million dollars in damages for loss of a retail store, loss of a witness in a drug case, pain and suffering, medical bills, loss of his child, and attempted murder. *Id*. at 2. Plaintiff's Amended Complaint makes many of the same allegations, and repeatedly states that he was "tortured in the public" over Defendant's racketeering activity, that he was verbally tortured, and that Defendant "wagered a murder pool" through Defendant's trademark and logo. Dkt. # 14.

Plaintiff's Complaint is both confusing and repetitive. It does not identify any legal theories or state any claims for relief. None of Plaintiff's allegations form a cognizable claim under state or federal law and do not appear to have any logical connection. The Complaint does not provide enough information to allow Defendant to determine the substance of Plaintiff's claims, provide direction for discovery, or inform Defendant what transaction or occurrence gave rise to Plaintiff's claims. Even taking all allegations in the light most favorable to Plaintiff, the Court concludes that Plaintiff's Complaint is frivolous and fails to state a claim showing that he is entitled to relief.

//

//

ORDER – 3

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 11. Plaintiff's Motion for Audio Evidence (Dkt. # 5) and Motion to Call Witness Against Microsoft (Dkt. # 6) are **DENIED as moot. Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

DATED this 3rd day of December, 2018.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4